ORIGINAL

# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

FILED
AUG 22 2011
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Lincoln Lee,

        Plaintiff

vs.

Counselor Jay Shepler
C/O Alan L. Combites
I/A Ty Easley
Lt. Bruce Fisher
C/O Sharleen Massey-Liverett
Warden Richard S. Birkey

        Defendant(s)

Case No. 11-4064
(The case number will be assigned by the clerk)

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

[X] 42 U.S.C. §1983 (state, county or municipal defendants)

[ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

[ ] Other federal law: _____

[ ] Unknown _____

## I. FEDERAL JURISDICTION

---

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Lincoln A Lee

Prison Identification Number: R-70958

Current address: Lawrence CC, 10930 Lawrence Rd, Sumner IL 62466

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Counselor Jay Shepler

Current Job Title: Counselor

Current Work Address: Illinois River, Po Box 999, Canton IL 61520

Defendant #2:

Full Name: C/O Combite

Current Job Title: Correctional officer

Current Work Address: Illinois River, Po Box 999, Canton IL 61520

Defendant #3:

Full Name: I/A C/O Easily

Current Job Title: Internal Affairs

Current Work Address  Illinois River, Po Box 999, Canton IL 61520

Defendant #4:

Full Name: Lt. Fisher

Current Job Title: Lieutenant

Current Work Address  Illinois River, Po Box 999, Canton IL 61520

Defendant #5:

Full Name: c/o S. Liveret Massey

Current Job Title: Correctional officer

Current Work Address Illinois River, Po Box 999, Canton IL 61520

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐    No ☒

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

B. Defendants

Defendant #6

    Full Name: Warden Birkey
    Current Job Title: Warden
    Current Work Address: Illinois River, PO Box 999, Canton, IL 61520

1. Name of Case, Court and Docket Number _____

2. Basic claim made _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ☒   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒   No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed?   Yes ☒   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence ___Illinois River Correctional Facility___

4

Lincoln Lee R-70958
Lawerence CC
10930 Lawrence Road
Sumner, IL 62466

I am Waivering any and all claims of seeking the court for restoration of good time. I am only seeking the court for Damages and sanctions/Procedures affecting the Conditions of confinement

Date(s) of the occurrence _10/22/10_

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

On 10/15/10, at Illinois River, as documented in my grievance and attatched ARB response letter, I went to counselor Jay Shepler with very serious concerns about my safty while in the cell with cellmate Tate B59175. I stated to the counselor that my cellie had threaten my life I was scaired and in fear for my life while in the cell with him. The counselor replied that he will email I/A C/O Easily but that, thats all he could do. I was not moved. I followed up with the counselor and he replied that he did his job by forwarding safty concerns to I/A Easily and that there was nothing more he could do.

I also went to c/o Combite and stated that I was in fear for my life while inside my cell with cellmate. Combite replied to bring him a request slip with concerns on it, and that he would give it to I/A Easily. I immediately wrote a request slip and handed it to him. (Documented in grievance). In addition, I wrote I/A and placement stating that my cellie and indivisuals on the wing pose a serious threat to my life/safty, and that I didn't feel safe (documented in grievance). Again, no one moved me from the cell.

On 10/22/10, after being assaulted by my cellie and receiving physical injuries (injuries attatched) I had to wait more then 2 hours for c/o S. Liverett Massey to walk pass at 4am count and I couldn't press the emergency button because cellmate was guarding it. Upon seeing C/o S. Liverett Massey I told her that I was in fear for my life and would like to see a Lieutenant. She opened the cell and took me to the shift office.

Inside the shift office was Lt. Fisher, Sgt. Adams, and Major Sherwood. Lt. Fisher almost immediately said that I was the guy that likes to write grievances on staff and asked whats the problem? (Documented in grievance) I was instantly uncomfortable and consumed with a distrust of he and the rest of the c/o's, considering I had wrote numerous grievances on staff conduct. So I didn't say very much.

5

However, I did say that I was scaired and would like to be moved.

I was then taken to Health Care, treated for my injuries, and placed in solitary.

Later that day, I was questioned by I/A Easily. I brought up the fact that I came to counselor shepler, C/O combite, and sent request to I/A about strong concerns of my safty, but he shunned away those facts.

In front of the Adjustment committee, I brought up the same facts about coming to the counselor, and c/o combite, and sending request slips to I/A about my safty, but they too shunned away those facts. And I submited both names to the Adjustment Committee and they didn't interview either one.

According to cell mate Tates interview, he stated that we never got along, yet there was supposedly an investigation into my claims. The counselors response dated 12/12/10 (received on 12/3/10) reports that investigation into Lee's claims was unsubstantiated after staff looked into his concerns. Those two dates are long after the incident which supports another fact of staff trying to cover their tracks seeing as though my claims were never investigated.

It's an IL-DOC policey to protect staff and inmates especially when given prior Knowledge.

1.) Counselor Jay Shepler showed deliberate indifference by not doing more to get me moved out of an imminent danger. So he is being sued in his official/indivisual capacity.

2.) C/o Combite showed deliberate indifference by not protecting me from an imminent danger which he had prior Knowledge of. So he is being sued in his official/indivisual Capacity for failure to protect.

3.) I/A c/o Easily showed deliberate indifference by Failure to protect, Life indangerment, having prior Knowledge to an imminent danger and turning a blind eye. And retaliation for grievance writing. So he is being sued in his official/indivisual capacity.

4.) Lt. Fisher showed deliberate indifference by Failure to protect, Life indangerment, having prior Knowledge to an imminent danger and turning a blind eye. And retaliation for grievance writing. So he is being sued in his Official/indivisual capacity.

5.) c/o S. Liveret Massey showed deliberate indifference by not patrolling the wing like

6

she ~~should~~, she is suppose to walk by more then just at count times. In waiting for her I could of been attacked again. So she is being sued in her official/indivisual capacity.

(6.) Warden Bickey showed deliberate indifference by denying my transfer to a gangfree facility after I/A said I met criteria, the transfer could have prevented this attack. And for letting his staff do as they please. So he is being sued in his official/indivisual capacity.

## RELIEF REQUESTED

(State what relief you want from the court.)

1,000,000 for 4 months solitary Confinement, 4 months C-grade, injury,

7

staff retaliation, depression, stress, Life indangerment, cruel & unusual punishment, occasional insomnia, paranoia (feeling like I can't trust staff) And 500,000 for Punitive Damages

JURY DEMAND      Yes ☒     No ☐

Signed this ___Aug___ day of ___18___, 20_11_.

_Lincoln Lee_
( Signature of Plaintiff)

| Name of Plaintiff: Lincoln Lee | Inmate Identification Number: R-70958 |
|---|---|
| Address: Lawrence CC  10930 Lawrence Rd  Sumner, IL 62466 | Telephone Number: |

8



**Illinois
Department of
Corrections**

**PAT QUINN**
Governor

**GLADYSE C. TAYLOR**
Acting Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

February 10, 2011

Lincoln Lee
Register No. R70958
Lawrence Correctional Center

Dear Mr. Lee:

This is in response to your grievance received on February 1, 2011, regarding disciplinary reports dated October 23, 2010 and October 22, 2010, which were alleged to have occurred at Illinois River Correctional Center. This office has determined the issues will be addressed without a formal hearing.

This office has reviewed your written grievance dated November 4, 2010 regarding the above issued disciplinary report. You claim you had advised staff earlier that you felt threatened by your cellmate but nothing was done. You request the disciplinary reports be expunged and all sanctions lifted.

This office has reviewed the disciplinary report 201003000/2-IRI, written by I/A Easley, citing you for the offense(s) of 110-Impeding or Interfering with an Investigation. A review of the Adjustment Committee summary dated November 4, 2010 indicates you were found guilty of both. Recommended discipline was: 3 months C Grade, 3 months Segregation, Revocation of 1 month GCC and a Disciplinary Transfer. The Chief Administrative Officer concurred with the recommendation November 17, 2010. Also reviewed was disciplinary report 201003004/1-IRI, written by Lt. Fisher, citing you for the offense(s) of 303-Giving False Information to and Employee, 403-Disobeying a Direct Order and 404-Violation of Rules (IOM #55; refusing housing). A review of the Adjustment Committee summary dated November 4, 2010 indicates you were found guilty of 403 and 404 not 303. Recommended discipline was: 1 month C Grade and 1 month Segregation. The Chief Administrative Officer concurred with the recommendation November 12, 2010.

The Grievance Officer's Report 10-1396 and subsequent recommendation dated January 4, 2011 and approval by the Chief Administrative Officer on January 6, 2011 have been reviewed.

Records show that on October 15, 2010 CRC Jay Shepler passed on information given to him by Lee that Lee was concerned about his cellmate and his safety while in the cell with him. This information was passed on to I/A Easley who passed it on to Lt. Fisher for further investigation.

The counselor's response dated December 12, 2010 (received on December 3, 2010) reports that investigation into Lee's claims was unsubstantiated after staff looked into his concerns.

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, this office is reasonably satisfied the offender committed the offenses and recommends the grievance and requested relief be denied, disciplinary reports and sanctions imposed are in accordance with DR504. Staff misconduct cannot be substantiated.

FOR THE BOARD: _Gina Allen_
Gina Allen
Administrative Review Board
Office of Inmate Issues

CONCURRED: _Gladyse C. Taylor_
Gladyse C. Taylor
Acting Director
2/18/11

cc: Warden Lee Ryker, Lawrence Correctional Center
Lincoln Lee, Register No. R70958

POSSIBLE CUSTODY ISSUE

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

**Date:** 11/4/10
**Offender:** (Please Print) Lincoln Lee
**ID#:** R-70958
**Present Facility:** Illinois River
**Facility where grievance issue occurred:** Illinois River

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____
- [x] Disciplinary Report: 10/23/10 Illinois River
  Date of Report — Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** This grievance is in regard to the multitude of trumped-up charges written within 2 Attached tickets surrounding the same situation. First I would like to start by saying that prior to this altercation I tryed to get moved off A-WING when one night, my cellie ▓▓▓ (Tate) informed me that he overheard some inmates speak about taking my Man-Hood, and that, because I am a Neutron he should be extorting me. I asked him who said this, he told me that he couldn't tell me who, but to "watch my back". Tate also stated that alot of inmates didn't like me because of my anti-socialness, arrogance, non-involvement in any of there activities, and the fact that I was not apart of any gang. The next chance I got I went to counselor sheplor and explained to him that it was very serious that I be moved off A-WING, he in return wrote something down and stated he would email IA to see if they would move me. I also gave a Request slip to Officer Combite who stated he

**Relief Requested:** To be let out of Seg, no time taken, and all charges against me dropped.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Lincoln Lee_    R-70958    11/4/10
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

**Date Received:** ___/___/___  [ ] Send directly to Grievance Officer  [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** _____

Print Counselor's Name    Counselor's Signature    Date of Response

### EMERGENCY REVIEW

**Date Received:** ___/___/___    Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender    Page 1    DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE (Continued)**

gave it to IA C/O Easily with attentions on getting me moved with it. In addition, I wrote IA and placement stating that individuals on my wing pose a serious threat to me and that I don't feel safe. I'm almost certain that my cellie (Tate), a ranking member of the Gangster Disciples Gang, ran with this group of men who names he never disclosed to me.

On 10/21/10, at 11:00 pm count time, a female officer open my cell, handed me my laundry bag and slammed the door. This slam of the door triggered my irritated cellie out his sleep. He got down off the top bunk, through on his shoes, started pacing back and forth at the door, and mumbling under his breath. After he charged himself up, he asked me why I slammed the door, I replied the C/O slammed the door. He then stated that I was purposely making alot of noise, trying to wake him up, and was testing him. I responded "your tripping, I'm not testing you." He then approached me stating "so I'm tripping" and before I knew it he visciously attacked me, I defended myself the best I could by trying to stop him from hitting me, when he finally came to the conclusion that he couldn't overpower me, he agreed that he wouldn't try to attack me again when he started yelling things like "Bloods been spilled, you gone die for this, as soon as the doors open for breakfast I'mma have the GD's kill you." Then he would yell out gang numbers out the door, trying to wake and assemble gang members to kill me. He also yelled things out the door like "Ya'll can get him now!" and upon hearing me state that I was going to get a Lt, he replied "If you tell on me I'll get you touched wherever you go."

Scaired, I summoned for a Lt when the female officer came around for 4:00 count. She radio'd someone and took me out my cell. As we walked over to the shift office I told her I was in fear for my life. When we made it to the shift office, I believe it was occupied by Sgt. Adams, Major Sherwood, as well as Lt Fisher. Lt Fisher asked for my ID number and looked me up in the computer. He then leaned back and stated "You'r the guy that likes to write grievances on staff and stuff, whats the problem?" This statement made me feel very uncomfortable, and consumed me with an instant distrust of he and the rest of the officers, considering I've wrote numerous grievances on staff conduct.

Anyhow, I told Lt Fisher that I was in fear for my life and wanted to be moved off the wing. The Sgt. noticed blood on the side of my face, and they both asked had I been in a fight, I didn't answer from fear of what the gang could do and my distrust of the officers. Fisher stated "So, your not going to tell us anything?" I replied, "I'm scaired, and I just would like to be moved." The Sgt. then cuffed me and took me to HCU, as we proceeded out the office I over heard one of the officers say "The Niggers always writing grievances but hes so scared he doesn't want to talk now."

Arriving to the HCU, I was treated for my wounds, as officers asked me multitudes of questions which I really didn't answer many due to my distrust of them and fear of gang. The officers turned a bunch of assumptions to fact based off my injurys. Sgt stated "Looks like you been choked, someone grab you around the neck? They grab you from behind? Did you get jumped, punched?" I didn't respond, which made him assume I did. However, I did inform him of the talk of men wanting to take my manhood, he asked me who they were and I told him that I didn't know there names. He then got angry, so I replied "whatever" to a few of his questions and fell silent again. I was then taken to a cold Seg cell where I layed on a spring for several hours, shaking from the cold, no mattress, sheet, cover, until well into the second shift. I would often ask the Seg officer for a cover, but he wouldn't bring me one stating that I'm the one wanted to be safe, I could then hear him joke with a pater about what I informed Sgt about pertaining to individuals wanting to take my manhood and how I'm so scaired for my life. This furthered my conclusion that JRCC was not safe for me and that all the officers are in cohorts.

On 10/22/10 I was interviewed by C/O Easily IA. The first thing I did is informed him of my mistreatment and my request slip, counselor Sheplor email, officer Combite request slip to have me moved, but C/O Easily wasn't concerned with that and had a bad attitude so I shut down and fell silent. He tried to get me to sign an inaccurate paper he drew up, I guess off what Sgt said, and I refused. I was escorted back to my Seg cell.

[Left margin note:] my cellie, but that was as far as it went, the rest was assumption that somehow got turned to fact due to my lack of responding.

on 11/4/10 when I heard my ticket in front of the Adjustment Committee. Mrs Slaughter often confused me, and Lt. Brown was also belligerent. I was only able to tell them portions of what happen because they were repetitiously vocal about there skepticism. They didn't believe that I wasn't in a gang, I stated that I've never been in one and that IA approved me to go to a Gang free facility (Taylorville) but that the Warden denied me. They didn't believe I was a victom. They were not interested in hearing of the racism and mistreatment by officers or my fears, they felt I was lying, being envasive, and apparently had a sterotype, and loyalty to there fellow officers misconduct. Lt. Brown, quickly stood me and escorted me out his office as if he was sick of looking at my face. The Adjustment Committee never called any of my two witnesses that I submitted to them. And I also relized that the adjustment committee is bias and they also word things how they want to.

As for the Trumped-up charges written on the two attached tickets, I never <u>gave false information to an Employee</u> - I didn't respond for legitimate reasons, but I didn't give false info. <u>Disobeying a Direct order</u> - I never was given an order to obey other then cuff up and walk this or that way. <u>Refusing Housing/ Refusing to return to my cell</u> - I was never asked to return to my cell, and I wasn't refusing housing I just wanted to be moved someplace safe. <u>Impeding or Interfering with an Investigation</u> - I never did this, but because of Lt Fishers comments about me being a grievance writer on staff and my fear, I hardly said anything to him. One ticket states that I refused to give Lt. Fisher information and the other states I told him that I had not been in a fight, well thats contradicts right there, being that I never answered him on rather I'd been in a fight or not, and one of the tickets corroborates this when Fisher states Lee refused to give any info. And I only had one encounter with Fisher. <u>Fighting</u> - This maybe the only thing I'm guilty of if you consider defending yourself under attack by a Rage-filled Ranking gang member a fight. And lets not forget I'm the one who came to these distrustworthy authoritys about my saffy, not my cellie (Tate). If I wasen't in fear I could of easily stayed in my cell, it's not like I or my cellie was assigned to a Job.

Like I said, the officers, especially Lt. Fisher, prove to be very untrustworthy and racist right off the back, and I was in fear of retribution based off how my cellie threatened me, and this combination of both is what consumed me with caution/scairdness, and made me not want to speak much with IRCC staff.

I believe these Trumped-up charges come from my numerous grievances on staff conduct since my arrival, and so-called professionals not understanding/believing the dept of my fear. If Masterfile is checked it will show the numerous grievances I've filed on staff conduct, I'd even filed one on the grievance officer and the grievance proceedure, one even included the Warden, and I've even implied that I will be forced to file a Mandamus on the facility if the 14th Amendment (Due Process) is continuely violated. Because of these numerous grievances the staff does not like me one bit, and I believe this fueled the Trumped-up charges.

This is my first time in prison. I have 32 college credits that I would like to add to. I've donated money to 3 Hati survivor foundations and I haven't had any other physical altercations throughout my incarceration. Just prior to these charges I'd submitted a transfer to the counselor for Taylorville (Gang free facility) again, in hopes that the Warden would approve me this time.

Being that I'm not in a gang, and IA proved this, I can't see why I'm constantly being held in gang infested facilitys when theres a gang free facility that I can go to, thats closer to home, and where I can continue my education at.

Witnesses that was not called: Counselor Sheplor- on the email he sent IA after we conversed about the seriousness of the problem on 2A

Officer Combite- on the request slip he gave C/O Easily IA about the seriousness of the situation, and the two short conversations we had on the walk.

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Continuation Page**

_____IRCC_____
Facility

☒ Disciplinary Report  ☐ Investigative Report  ☐ Disciplinary Summary  ☐ Adjustment Committee Summary

Report/Incident Date: 10/23/10          Incident # (if applicable): _____

**Offender Information:**
Offender Name: Lee, Lincoln          ID #: R70958

Use the space below to provide any additional information.

any of those either. Lee repeatedly stated he was attacked and claimed to be a victim.

At this point the investigation shifted towards Lee possibly being a victim of an assault by more that one person. It was suspected Lee may have been a victim of STG activity based on statements Lee made.

Further interviews were then conducted with one source stating that he heard arguing and then scuffling inside 2A-31 around 1:00am in the morning. Another source stated that he was told by Tate B59175 this morning that he got into a fight with his cellie Lee and also showed the source his injuries that he received from the fight.

Tate was interviewed and admitted him and Lee had been in a fight inside their cell around 1:00am. Tate stated basically him and Lee had not gotten along since living together and things finally came to ahead. Tate admitted they exchanged some words. Lee charged at him and punched in the mouth, and at this point they both began exchanging punches. Tate admitted they fought for a few minutes and then they heard the wing door open and thought staff were coming so they stopped fighting. Tate stated Lee told the officer that came to the door he needed a LT. and needed to get out of the cell.

Tate's statement was corroborated by the statements given earlier by confidential sources. Lee intentionally impeded the investigation by giving the story he did so as to make himself look like a victim rather than a participant. Said actions by Lee substantiates the 110 charge.

Lee was observed with numerous scratches and abrasions on his head and face area. Tate had a minor laceration above his left eye and a swollen and busted lower lip. Both were ID'd using their state issued ID cards.

A review of OTS revealed Lee and Tate were assigned to 2A-31 at the time of the incident. A review of T-house and call pass movement sheets revealed neither was signed out of the unit at the time of the incident.

The names of the confidential sources are being withheld to protect the safety and security of the facility. The sources have proven to be reliable based on the corroboration of their individual statements. A complete report is on file at IRCC Internal Affairs.

Page 2 of 2

STATE OF ILLINOIS  )
                   ) ss
COUNTY OF Fulton   )

## AFFIDAVIT

I, Lincoln Lee, being first duly sworn upon oath deposes and states that the following affidavit is true and correct to the best of my knowledge and beliefs for all just and meritorious purposes. In support thereof I state as follows:

The tickets wrote 10/22/10 & 10/23/10 at IRCC surrounding the same situation but five offenses, states that I refused to signed them, which is a ~~big~~ lie, I was never asked to sign the tickets.

Most importantly, the witnesses Officer Combite and Counselor Sheplor that I submitted to the adjustment committee days prior to the hearing, was never called or contacted. When bringing my witnesses up to the committee they didn't seem concerned about contacted them. Around 11/11/10 which maybe off a day or two, I spoke with officer Combite who was working in Seg, I told him about my hearing at the adjustment Committee and he stated that no one ever contacted him

Subscribed and sworn to before me this 17th day of November 2010

Don A. Burkhart
NOTARY PUBLIC

OFFICIAL SEAL
DON A. BURKHART
Notary Public - State of Illinois
My Commission Expires Aug 22, 2012

Lincoln Lee
Affiant,
Reg. No. R-70958
P.O. Box 1900
Canton, Illinois
61520



| | | |
|---|---|---|
| PAMELA E. ROBINSON<br>Clerk of Court | **United States District Court**<br>**Central District of Illinois**<br>**Office of the Clerk**<br>40 U.S. COURTHOUSE<br>211 19TH STREET<br>ROCK ISLAND, ILLINOIS 61201 | TEL: 309.793.5778<br>FAX: 309.793.5878 |

June 27, 2011

Lincoln Lee R-70958
Lawrence Correctional Center.
10930 Lawrence Road
Sumner, IL 62466

Dear Mr. Lee:

    The Clerk's Office is not allowed to give you legal advice, but I can tell you that you can <u>file your Complaint and Application to Proceed In Forma Pauperis without the prisoner trust fund ledger.</u> Once we receive your lawsuit, we will contact the prison to request your trust fund ledgers.

                                  Sincerely,

                                  s/Pamela E. Robinson

                                  Pamela E. Robinson,
                                  Clerk of Court

PER/jpv